*1835.*

Dickey
v.
Craig.

(a) Ante, p. 235.

---

## DICKEY *vs.* CRAIG and others, executors, &c.

A proceeding by scire facias, by the executors of a deceased plaintiff, to revive a judgment abated by his death, is a proceeding in the same suit or action in which the judgment was recovered. And to obtain an injunction to stay the executors from proceeding upon such scire facias, the complainant must deposit the amount of the judgment, or give security for the payment thereof, according to the statute.

The defendants in this cause were the personal representatives of S. Craig, deceased, who, in his lifetime, recovered a judgment against the complainant, in the supreme court. The defendants having brought a scire facias to revive the judgment, and to enable them to have execution thereon, the present bill was filed, and an injunction was granted, without deposit or security, restraining the defendants from proceeding upon the scire facias. The whole equity stated in the bill related to the original debt for which the judgment was recovered, and arose previous to the recovery of such judgment.

May 25.

**284**

1835.

Dickey
v.
Craig.

The defendants demurred to the bill for want of equity, and also gave notice of a motion to dissolve the injunction. This motion was founded upon an affidavit that the injunction had been granted without deposit or security, as well as upon the want of equity in the bill. The vice chancellor overruled the demurrer, and also denied the motion to dissolve the injunction; from both of which decisions the defendants appealed. The appeal from the order denying the motion, not being a calendar cause, was heard on a motion day; the counsel agreeing that if the opinion of the court should be against the defendants on the question of regularity, the final decision upon the appeal should be deferred until the equity of the bill could be more deliberately discussed upon the appeal from the vice chancellor's order overruling the demurrer.

*G. Griffin*, for the complainant.

*J. Edwards*, for the defendants.

THE CHANCELLOR. The order appealed from must be reversed, if the appellants were right as to either of the grounds upon which they asked for a dissolution of the injunction. But by the arrangement of the parties I am only to consider the question, at this time, as to the right of the complainant to an injunction without a deposit or security, admitting a proper case in other respects is shown by the bill. This depends upon the construction which is to be given to some of the provisions of the article of the revised statutes relative to the granting of injunctions to stay proceedings at law. The 141st section of that article, (2 *R. S.* 189,) directs that no injunction shall issue to stay proceedings at law, in any personal action, after judgment, unless a deposit to the full amount of the judgment, including costs, shall be made, or bond and security in lieu thereof shall be given. If this is to be considered as a proceeding in the action in which the judgment was recovered, it comes within the letter of the statute requiring a deposit, or security, before an injunction can be granted to stay such proceeding. And it appears to be clearly within the spirit of this provision, as there is no pretence that any thing

new has occurred, since the judgment, which could constitute an equitable bar to the scire facias. Although for some purposes a scire facias is considered and treated as an action, still, if the object of the proceeding is to revive a judgment, it is a proceeding in the original action, and is but a continuation thereof. This was so decided in the case of the executors of *Wright* v. *Nutt*, (1 *Term Rep.* 388;) and it is so considered in several books of practice. (*See* 2 *Chitty's Archbold*, 598; *Graham's Prac.* 649.) For this reason also a substituted service is sometimes allowed; as was done in the case of *Dias* v. *Graydon*, (*Beatty's Rep.* 439.) This case coming both within the letter and the spirit of the section of the revised statutes above referred to, the order appealed from must be reversed, with costs. And the injunction must be dissolved; but with liberty to the complainant, upon the hearing of the other appeal, to apply for a renewal of the injunction upon giving such security as is required by the statute.